# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL L. DATTA,**

    **Plaintiff,**

v.                                                                             Case No. 05-C-1057

**KATHY JESS, DR. CORELL,
DR. HOFTIZER, and DR. KAPLAN,**

    **Defendants,**

## ORDER

Plaintiff Michael L. Datta, who is incarcerated at the Dodge Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $80.21.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

At all times relevant, plaintiff was incarcerated at Dodge Correctional Institution (DCI) and Oshkosh Correctional Institution (OCI). Plaintiff was incarcerated at DCI from January 14, 2005 until May 3, 2005. Since May 3, 2005, he has been incarcerated at OCI. Defendant Kathy Jess is the warden at DCI. Defendants Dr. Correll and Dr. Hoftizer are doctors at DCI. Defendant Dr. Kaplan is a doctor at OCI. Plaintiff claims that defendants "knowingly, wantonly, intentionally and intelligently acted deliberately indifferent to plaintiff's

3

serious medical care, depriving plaintiff of medical care of plaintiff's medically necessary pain medication with knowledge that the pain medication was the only medicine to eliminate plaintiff's chronic, excruciating leg, neck and back pain." (Compl. ¶ 9.)

Plaintiff alleges that he suffers from "chronic, excruciating leg, back and neck pain stemming from a work related injury prior to incarceration." (Compl. ¶ 10.) He underwent a spinal fusion in 2002. In November 2004, Dr. Flatley, who is the chief surgeon at Froedert Medical College in Milwaukee, Wisconsin, suggested that plaintiff receive a morphine bag implanted in his back to drip on plaintiff's spinal cord. Plaintiff also received "intense treatment" under Pain Management and was under the care of a doctor at the Spinal Cord Center in Milwaukee, Wisconsin. He was also being treated for "compression vertebral fracture" at the Mayo Clinic for Pain Management. Id.

Once incarcerated, defendants Dr. Hoftizer and Dr. Correll initially treated plaintiff with the following medications:

    A.    Oxycontin 120 mg (4 x a day);
    B.    MS Contin 200 mg (3 x a day);
    C.    MSIR 10 mg 1 or 2 every 6 hrs limit 7 per day;
    D.    Norco 10/325 1 or 2 every 6 hrs limit 07 per day;
    E.    Diazapan 10 mg 1 ½ tabs (3 x a day);
    F.    Trizalam 1 or 2 needed at bedtime;
    G.    Omeprazole 1 tab (2 x a day); and
    H.    Lidocaine Patches 2 per day.

(Compl. ¶ 14.) However, his medications have either been "reduced to a minimum or terminated all together." (Compl. ¶ 17.) Plaintiff alleges that as a result, his back pain is so excruciating that he wakes up 20 to 30 times a night in pain, "a fact that defendants are well aware of." Id.

4

According to plaintiff, defendant Warden Jess is aware that plaintiff is being denied medically necessary pain medication, nevertheless, "allowed plaintiff to suffer in pain." (Compl. ¶ 11.) In addition, defendants Dr. Hofitzer and Dr. Kaplan are aware that he is in constant back pain, however, "both doctors said to plaintiff they do not treat pain with opiates around here (in prison)." (Compl. ¶ 12.) Plaintiff further alleges that defendant Dr. Kaplan sent him to the University of Wisconsin Hospital Pain Clinic to have his back, leg, and neck pain evaluated and the specialist recommended raising plaintiff's pain medication. However, "Dr. Kaplan lowered plaintiff's only existing pain medication methadone, and totally disregarded the specialist recommendation." (Compl. ¶ 18.)

Plaintiff seeks declaratory relief, injunctive relief, and monetary relief.

The Eighth Amendment protects prisoners from deliberate indifference to a serious injury or medical need. Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000); Estelle v. Gamble, 429 U.S. 97 (1976). "In order to state cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical

5

condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Gutierrez, 111 F.3d at 1373 (citations omitted).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." Chapman, 241 F.3d at 845 (citing Farmer, 511 U.S. at 840-42).

Disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97 (1976); Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). However, the denial of medication can violate the Eighth Amendment in some circumstances. Walker v. Benjamin, 293 F.3d 1030, 1039 (7th Cir. 2002) (summary judgment inappropriate on Eighth Amendment claim when plaintiff submitted evidence that defendants prison nurse and doctor refused to provide prescribed pain medication). In Walker, there was evidence that the defendants refused plaintiff his medication simply because they did not want him to have it. The court stated that if the jury believed the plaintiff, such a refusal would be an "unnecessary and wanton infliction of pain." Id. at 1040; see also Jones v. Simek, 193 F.3d 485, 490 (7th Cir. 1999) (deprivation of medical treatment necessary to preclude severe pain and lost use of right arm sufficiently serious to trigger Eighth Amendment protections); Gutierrez, 111 F.3d at 1373 (a refusal to treat a

6

medical condition marked by the existence of chronic and substantial pain may give rise to an Eighth Amendment claim).

Construed liberally, plaintiff's allegations state a claim under the Eighth Amendment for deliberate indifference to a serious medical need.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed in forma pauperis be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $169.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31 day of October, 2005.

/s_____
LYNN ADELMAN
District Judge